IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50823
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HUNTER WILLIAM CRAIGEN,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CR-64-1
- - - - - - - - - -
August 28, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

    Hunter William Craigen appeals his conviction and sentence for possessing an unregistered machinegun, in violation of 26 U.S.C. § 5861(d).  He contends that the statute under which he was convicted is unconstitutional; that the district court erred in applying the sentencing guidelines to his case; and that his conviction should be reversed because the Government failed to prove that he willfully possessed an unregistered firearm.

    Craigen's contention that § 5861(d) is unconstitutional is without merit.  See United States v. Gresham, 118 F.3d 258, 261-

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

62 (5th Cir. 1997), <u>cert.</u> <u>denied</u>, 118 S. Ct. 702 (1998); <u>United States v. Ardoin</u>, 19 F.3d 177, 179-80 & n.3 (5th Cir. 1994), <u>cert. denied</u>, 513 U.S. 933 (1994).  Craigen's argument that the district court erred in failing to calculate his sentence under the guidelines designed to punish the nonpayment of taxes is likewise unpersuasive.  <u>See</u> Guidelines Manual, Appendix A; <u>see also</u> § 2K2.1(a)(5) & comment.

Craigen's argument that the Government should have been required to prove that he willfully possessed an unregistered machinegun and that his conviction should be reversed because the Government failed to so prove is precluded by <u>Staples v. United States</u>, 511 U.S. 600, 619 (1994).  <u>Staples</u> requires the Government to prove only that a defendant knew of a weapon's characteristics which brought it within the statutory definition of "firearm," not that the defendant knew that the firearm was unregistered.  <u>Id.</u>; <u>see also</u> <u>United States v. Freed</u>, 401 U.S. 601, 607 (1971); <u>United States v. Moschetta</u>, 673 F.2d 96, 100 (5th Cir. 1982).  The evidence was sufficient to establish that Craigen knew the machinegun he possessed was capable of automatic fire and thus within the statutory definition of "firearm."

Craigen has failed to demonstrate any error in connection with his conviction or sentence.  Accordingly, the district court's judgment is affirmed.